IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:06 CR 722 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Robert L. Poole, Jr., | |
| Defendant. | |

## INTRODUCTION

*Pro se* Defendant Robert Poole, Jr. filed a Motion for Relief from Judgment (Doc. 289) under Federal Civil Rule 60(d), asking this Court to reconsider its Order (Doc. 259) denying his Motion to Vacate his sentence filed pursuant to 28 U.S.C. § 2255. After this Court erroneously concluded it did not have jurisdiction over the Motion for Relief, the Sixth Circuit ordered this Court to rule on the Motion (Doc. 298). For the reasons that follow, the Motion is denied.

## BACKGROUND

In 2007, a jury convicted Poole of one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, and one count of possession of cocaine base with intent to distribute. This Court sentenced Poole to 151 months of imprisonment. On direct appeal, the Sixth Circuit affirmed Poole's convictions, but remanded the case to determine whether Poole was entitled to resentencing. *United States v. Poole*, 538 F.3d 644 (6th Cir. 2008). On remand, this Court sentenced Poole to 131 months of incarceration which was subsequently reduced to 120 months by the retroactive crack-cocaine statutory provisions (Doc. 283)

In March 2009, Poole filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 241) arguing, among other things, that his conviction was obtained through prosecutorial misconduct. This Court denied Poole's Section 2255 Motion and denied him a certificate of appealability (Docs. 259–60). The Sixth Circuit also denied Poole a certificate of appealability. *Poole v. United States,* No. 09-4088 (6th Cir. May 4, 2010).

In March 2012, Poole next filed a Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2241, arguing that prosecutorial misconduct misled this Court because the misconduct in Poole's Section 2255 Motion referenced Trial Exhibit 31 instead of Trial Exhibit 29. *Poole v. Farley*, Case No. 4:12 cv 672, Doc. 1. This Court denied Poole's Petition, finding his requested relief inappropriate under Section 2241, and the Sixth Circuit affirmed the ruling. The Sixth Circuit noted that while Poole's claims were not cognizable under Section 2241, they may be raised, pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), in a Federal Civil Rule 60(b) motion. *Poole v. Farley*, No. 12-4176 (6th Cir. May 9, 2013). Rule 60(b), which allows for relief from a final judgment on the basis of, among other things, "fraud, misrepresentation, or misconduct by an opposing part," is subject to Rule 60(c)'s one-year limitation on such filings. Because relief under Rule 60(b) would be untimely, Poole brought his claim under Rule 60(d), which is not subject to the one-year limitation.

In May 2013, Poole filed a Motion for Relief from Judgment (Doc. 289) under Federal Civil Rule 60(d), arguing that the judgment be set aside "for fraud on the court" under Rule 60(d)(3) or, in the alternative, as an independent action under Rule 60(d)(1). This Court denied the Motion for Relief from Judgment based on its conclusion that Rule 60 does not apply to criminal proceedings, including Section 2255 motions.

2

In May 2014, the Sixth Circuit found this Court's conclusion that Rule 60 does not apply to Section 2255 motions to be mistaken and, therefore, ordered this Court to consider Poole's Rule 60(d) Motion (Doc. 298). This Court now does so.

**ANALYSIS**

Poole has requested reconsideration of this Court's dismissal of his Section 2255 Motion pursuant to Rules 60(d)(1) and 60(d)(3). Rule 60(d)(1) provides that a district court may "entertain an independent action to relieve a party from a judgment, order, or proceeding." This Rule may be invoked when each of the following is present:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987) (per curiam).

This relief is only available "to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47 (1998). The Sixth Circuit has held that a "grave miscarriage of justice" is a "stringent and demanding standard" and, in a habeas context, a claimant must "make a strong showing of actual innocence." *Mitchell v. Reese*, 651 F.3d 593, 595–96 (6th Cir. 2011). Poole contends that a grave miscarriage of justice was committed when the Government misstated facts in Section 2255 briefing. Even assuming these allegations are correct, Poole has not made a showing of actual innocence. He has not put forward facts suggesting that he did not commit the drug crimes for which he was convicted. Therefore, Poole's relief premised on Rule 60(d)(1) is denied.

Poole also seeks relief under Rule 60(d)(3), which provides that a district court may set aside a judgment "for fraud on the court." To establish fraud on the court, Poole is required to show

3

conduct (1) by an officer of the court; (2) directed to the "judicial machinery" itself; (3) which was intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) which was a positive averment or a concealment when under a duty to disclose; and (5) which deceived the court. *Hill v. United States*, 2014 WL 223239, at *2 (N.D. Ohio 2014). While Poole alleges that the prosecutor deliberately misstated the facts in Section 2255 briefing, he provides no evidence that statements were "intentionally false, willfully blind to the truth, or in reckless disregard of the truth." *See id.*

Moreover, relief from final judgments under Rule 60 is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 760 (6th Cir. 2005). And relief under Rule 60(d) is "reserved for cases of injustice which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of Res Judicata." *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539 (6th Cir. 2012) (quoting *United States v. Beggerly*, 524 U.S. 38, 46, (1998)). Poole fails to allege with specificity facts which would be sufficiently gross to overcome rigid adherence to the doctrine of res judicata.

## CONCLUSION

Accordingly, Poole's Motion for Relief from Judgment pursuant to Rule 60(d) (Doc. 289) is denied. This Court further finds that Poole has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

IT IS SO ORDERED.

                                                        s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

July 16, 2014